IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COREY KINTA' FELLS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-1151 (JLH) |
| | ) | |
| SGT. WHARTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Corey Kinta' Fells, Sr., who is serving a sentence for a state criminal conviction at Sussex Correctional Institution (SCI), in Georgetown, Delaware, initiated this civil action under 42 U.S.C. § 1983 by moving for leave to proceed *in forma pauperis* and filing a complaint *pro se*. (D.I. 1; D.I. 3.) The Court granted Plaintiff leave to proceed *in forma pauperis*. (D.I. 5.) Accordingly, the complaint is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A. For purposes of screening the complaint, the Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in his favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

The Complaint alleges that inmate BH "harassed" and "bullied" Plaintiff and also paid another inmate MR $10 to make false rape accusations against Plaintiff. (D.I. 3 at 5.) Plaintiff alleges that Defendants Sargeant Whorton and Officer Wyman were aware of MR's false claims. (*Id*.) Plaintiff filed a grievance regarding the matter, and Defendant Lieutenant Smith told Plaintiff, "You got a [Prison Rape Elimination Act (PREA)] investigation pending[,] so I'm not

going to do anything." (*Id.*)  Defendant Smith also told Plaintiff that BH was not going to get moved from the housing unit because BH was white, gay, and seriously mentally ill. (*Id.*)  Plaintiff "placed a plea for help in the security app," and Defendant Captain Harris told Plaintiff that "he spoke to [BH]"; yet the PREA investigation of Plaintiff continued. (*Id.* at 6.)  Plaintiff then anonymously submitted an electronic PREA claim against BH. (*Id.*)  An unnamed staff member "overrode" the anonymity of Plaintiff's submission, and Plaintiff was subsequently disciplined, causing him to "lose [his] housing, job and 5 days good time credit." (*Id.*)  Plaintiff seeks "return of 5 days good time credits" and "$200,000 punitive damages." (*Id.* at 8.)

The complaint fails to state a plausible claim upon which this Court may grant relief.  As an initial matter, there are no allegations that Plaintiff was not afforded due process in connection with the loss of his good time credits, and the Court cannot restore them through this § 1983 action.  *See Morrison v. Rochlin*, 778 F. App'x 151, 154 (3d Cir. 2019) (per curiam).  Indeed, the complaint appears to acknowledge that Plaintiff made a false accusation against BH that resulted in the disciplinary action in which Plaintiff lost the good time credits.

What's more, the allegations in the complaint do not plausibly suggest any violations of Plaintiff's constitutional (or any other federal) rights, much less that any of the named Defendants were personally involved in any violations of Plaintiff's rights.  Plaintiff does not allege that he was not afforded due process in any disciplinary proceeding.  Prisoners generally do not have any constitutional entitlement to a particular place of confinement or prison job. *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976); *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989).  And the facts alleged do not plausibly suggest that any named Defendant was deliberately indifferent to Plaintiff's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

NOW, THEREFORE, at Wilmington, on this 9th day of February, 2026, IT IS HEREBY ORDERED that the complaint (D.I. 3) is **DISMISSED,** pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b). Plaintiff is granted leave to file an amended complaint on or before March 6, 2026.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **CLOSE** this case should no amended complaint be timely filed.

_____
The Honorable Jennifer L. Hall
United States District Judge